United States District Court
Southern District of Texas
ENTERED
October 14, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **YORDANIA GABRIELA JARA URBAEZ,**<br>**Petitioner,**<br><br>**V.**<br><br>**WARDEN, *et al.*,**<br>**Respondents.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 5:26-CV-01389** |

## ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. No. 1), Respondents' Motion for Summary Judgment, (Dkt. No. 11), and Respondents' Motion to Dismiss as moot, (Dkt. No. 18). Respondents represent to the Court that Petitioner in this case was released from detention under an Alternatives to Detention program. (Dkt. Nos. 18, 18-1).

The instant petition was brought under 28 U.S.C. § 2241, which provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c) (emphasis added). Generally, the Court's jurisdiction is limited to "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "A claim is moot when a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017). In the Section 2241 context, if a petitioner is not in the physical custody of immigration officials, and there are no known restrictive conditions on his liberty, then the petition is moot. *See Rosales v. Bureau of Immigr. & Customs Enf't*, 426 F.3d 733, 735 (5th Cir. 2005) (explaining that Section 2241's "in custody" requirement extends beyond physical custody to also include other restraints on liberty).

The Court finds that the petition must be dismissed as moot. Here, Petitioner is no longer in custody within the meaning of 28 U.S.C. § 2241(c). *See Rosales*, 426 F.3d at 735. Petitioner has not filed any updates in their case asking for habeas relief from the conditions of release. As such, the Court finds no reason to believe that there is a live

controversy remaining after Petitioner's release, and the Court therefore has no jurisdiction.

Accordingly, Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. No. 1) is **DISMISSED as moot**, Respondents' Motion for Summary Judgment, (Dkt. No. 11) is **DENIED as moot,** and Respondents' Motion to Dismiss, (Dkt. No. 18) is **GRANTED**. All other relief requested by Petitioner is **DENIED**.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on October 14, 2026.

John A. Kazen
United States District Judge